# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle A. Kunza,<br><br>   Plaintiffs,<br><br>v.<br><br>Clarity Services, Inc.,<br><br>   Defendant. | Court File No. 17-cv-01165 (RHK/LIB)<br><br>**FIRST AMENDED COMPLAINT**<br>**AND**<br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1. This is an action for damages brought by Michelle A. Kunza against Clarity Services, Inc., for its violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. and invasions of her privacy.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1681p. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is this District is proper because the defendant directed illegal conduct towards a resident of Minnesota, the defendant transacts business within Minnesota, and the plaintiff resides in Minnesota.

## PARTIES

4. Plaintiff Michell A. Kunza is a resident in Otter Tail County, Minnesota.

5. Defendant Clarity Services, Inc. is a Delaware corporation that maintains

its principal place of business in Clearwater, Florida, and does business throughout the United States. At all relevant times, Clarity acted as a "consumer reporting agency" as that terms is defined in title 15 United States Code section 1681a(f).

## FACTS

6. On April 17, 2015, Plaintiff received a copy of her consumer report from Clarity Services, Inc. ("Clarity"). After reviewing her Clarity consumer report, Plaintiff discovered that on July 7, 2014, Clarity furnished Plaintiff's consumer report to Flurish, Inc., an online, payday lender, located in San Francisco, California, and RHC/Rolling Hills, an online, payday lender located in Texarkana, Texas.

7. The Plaintiff never applied for a payday loan or any other form of credit from Flurish, Inc., or RHC/Rolling Hills.

8. The Plaintiff was alarmed and upset that her personal and financial information was disclosed to two, random, out-of-state, payday lenders. As a result of this invasion of her privacy, the Plaintiff felt as though someone had broken into her house and gone through all her drawers and read all her private, personal and financial documents. The Plaintiff suffered increased stress and anxiety, as she tried to determine why Clarity gave these payday lenders her consumer reports and what they intended to do with her information.

9. Upon investigation and review, the Plaintiff learned the following facts regarding the circumstances surrounding Clarity furnishing her consumer report to Flurish and RHC.

10. On July 7, 2014, an unknown person or entity submitted an application for a payday loan on the website *www.paydayloans.us.com* using the Plaintiff's personal, identifying information, which included her name, email address, home address, phone number, SSN, and (incorrect) date of birth.

11. The website *PaydayLoans.us.com* belongs to Quintessential Financial Group, located in Macclesfield, England. Quintessential is a lead generator, which means they market and advertise to people seeking payday loans, and sell the applications and leads generated to payday lending companies.

12. Quintessential Financial Group sold the Plaintiff's application and personal information to Flurish, Inc., and RHC/Rolling Hills.

13. After purchasing the Plaintiff's application and personal information from Quintessential, Flurish and RHC/Rolling Hills requested the Plaintiff's consumer reports from Clarity, in order to view her personal information and credit history.

14. The information Flurish and RHC/Rolling Hills provide to Clarity, included an incorrect date of birth for the Plaintiff. The Plaintiff was born in 1967, but the date of birth provided by the lenders included the year 1978.

15. Despite receiving an incorrect date of birth for Plaintiff, which was easily verifiable in Plaintiff's consumer file maintained by Clarity's own records, Clarity furnished Plaintiff's consumer report to the payday lenders.

16. Clarity knew that Plaintiff's correct year of birth was 1967. Clarity obtains and maintains a massive amount of data on consumers, which it sells in form of consumer reports to lenders. That consumer data includes the *correct* date of birth for consumers.

17. Under section 1681(c)(1)(B) of the Fair Credit Reporting Act, a consumer reporting agency may furnish a consumer report to a person which it has ***reason to believe*** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to the consumer.

18. Clarity did not have reason to believe that Flurish and RHC intended to use the information in connection with a credit transaction involving the Plaintiff. In fact, Flurish and RHC provided Clarity with a very good reason to believe that it wasn't involved in a credit transaction with the Plaintiff. If the Plaintiff were involved in a credit transaction with the lenders, she would have provided her correct date of birth to them.

19. A consumer's date of birth is used by credit bureaus, including Clarity, to confirm the identity of persons obtaining consumer reports. When consumers request their own consumer reports from Clarity (which is permitted under the FCRA), Clarity requires that the consumer fill out a form entitled "File Request Form." (*See https://www.clarityservices.com/wp-content/uploads/2016/08/File-Disclosure-Request-08-23-16.pdf*). The form requires consumers to include their name, address, social security number, driver's license number ***and*** date of birth. If a consumer provides an

incorrect date of birth that doesn't match Clarity's consumer files, Clarity will deny the consumer's request and refuse to provide the consumer report.

20. Section 1681e(a) of the Fair Credit Reporting Act states:

> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

21. Clarity does not have reasonable procedures for preventing the furnishing of consumer reports for impermissible purposes. Clarity will furnish a consumer report to a lender purporting to be involved in a credit transaction with a consumer even if the lender provides an incorrect date of birth for the consumer. A reasonable procedure would prevent the furnishing of a consumer report to a lender providing an incorrect date of birth for a consumer.

22. Clarity furnished Plaintiff's consumer report to Flurish and RHC/Rolling Hills despite having reasonable grounds for believing that the consumer report would not be used for a permissible purpose. Specifically, Clarity had reasonable grounds to believe that Flurish and RHC/Rolling Hills were not involved in a credit transaction with the Plaintiff because the date of birth they provided to Clarity in their request for the consumer report was incorrect.

5

23. Clarity willfully and negligently disclosed Plaintiff's consumer reports without a permissible purpose, and in the face of clear evidence that Flurish and RHC/Rolling Hills did not have accurate information for the Plaintiff.

24. As a result of the Defendant disclosing Plaintiff's consumer reports, the Plaintiff suffered an unjustified invasion of her privacy, the dissemination of her private contact and financial information to unknown individuals and entities, and emotional distress.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681, ET SEQ.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff is a "consumer," as defined in 15 U.S.C. § 1681a(c).

27. Defendants are "person(s)," as defined in 15 U.S.C. § 1681a(b).

28. Defendant Clarity Services, Inc., is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

29. The documents (whether in written or electronic form) that Defendant Clarity furnished to Flurish, Inc., and RHC/Rolling Hills, were each a "consumer report," as defined in 15 U.S.C. § 1681a(d).

30. The FCRA prohibits consumer reporting agencies from disclosing consumer reports to persons or entities that do not have a permissible purpose for

obtaining the reports. (15 U.S.C. § 1681b.)

31. Clarity violated section 1681b of the FCRA by disclosing the Plaintiff's consumer report to entities that did not have a permissible purpose to obtain Plaintiff's consumer report, and which Clarity did not have reason to believe had a permissible purpose to obtain Plaintiff's consumer report. Clarity unlawfully disclosed Plaintiff's consumer report to Flurish, Inc., and RHC/Rolling Hills despite both entities providing Clarity with inaccurate identification information for Plaintiff, including the wrong date of birth. A credit reporting agency acting reasonably would have identified the request as the result of identity theft and refused to provide Plaintiff's consumer report to Flurish and RHC/Rolling Hills.

32. Clarity knew or should have known that Flurish and RHC/Rolling Hills provided inaccurate, identifying information for the Plaintiff, and refused to disclose her consumer reports.

33. Clarity violated section 1681e(a) of the FCRA by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to permissible purposes. In addition, Clarity violated section 1681e(a) by furnishing Plaintiff's consumer report to Flurish and RHC/Rolling Hills when it had reasonable grounds to know that the credit report would not be used for a permissible purpose.

34. Clarity's violations of the FCRA were willful within the meaning of title 15 United States Code section 1681n. Clarity is therefore liable to Plaintiff for statutory and punitive damages, litigation costs, and attorneys' fees incurred in prosecuting this action.

35. In the alternative, Clarity acted negligently, entitling Plaintiff to recover her actual damages, litigation costs, and attorneys' fees under title 15 United States Code section 1681o.

WHEREFORE, Plaintiff seeks relief as set forth below.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

36. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37. Defendant Clarity disclosed Plaintiff's consumer reports with malice and the willful intent to injure the Plaintiff. Clairty did not have a reasonable basis to believe that the Flurish or RHC/Rolling Hills had a permissible purpose to obtain the Plaintiff's consumer reports. In fact, Clarity was on notice that the information provided by Flurish and RHC/Rolling Hills was inaccurate and likely the result of fraud.

38. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of this Plaintiff, namely, by unlawfully disclosing Plaintiff's consumer reports as prohibited by federal law.

39. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct by disclosing Plaintiff's personal, confidential, financial information contained in her consumer reports, thereby invading and intruding upon Plaintiff's right to privacy.

40. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs. Plaintiff had a reasonable expectation that her private financial and contact information contained in her consumer reports would be protected in accordance with Fair Credit Reporting Act.

41. The conduct of Defendant and its agents, in engaging in the above-described unlawful conduct against Plaintiff, resulted in intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

### COUNT I.
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

1. For an award of actual damages pursuant to 15 U.S.C. §1681n(a)(1)(a) and 1681o(a)(1);

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n.

3. For an award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

4. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(b);

5. For such other and further relief as may be just and proper;

## COUNT III.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

6. For an award of actual damages for the emotional distress suffered as a result of the FCRA violations and invasions of privacy in an amount to be determined at trial; and

7. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and herby respectfully demands a trial by jury. U.S. Const. amend. 7, Fed.R.Civ.Pro. 38.

**HEANEY LAW FIRM, LLC**

Date: **July 11, 2017**

*s/ Mark L. Heaney*
Mark L. Heaney
(MN #333219, AZ #022492)
601 Carlson Parkway, Suite 1050
Minnetonka, MN 55305
Tel: (952) 933-9655
Fax: (952) 487-0189
mark@heaneylaw.com

*Attorney for Plaintiff Michelle Kunza*