UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle A. Kunza,<br><br>      Plaintiffs,<br><br>v.<br><br>Clarity Services, Inc.,<br><br>      Defendant. | Court File No. 17-cv-01165 (RHK/LIB) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT CLARITY SERVICES, INC'S MOITON TO DISMISS**

## I. INTRODUCTION

Plaintiff Michelle Kunza files this memorandum in opposition to Defendant Clarity Services, Inc. ("Clarity") motion to dismiss the Amended Compliant for failure to state a claim. Clarity's Motion to Dismiss is predicated primarily on irrelevant and misleading assessments of Plaintiff's allegations and misunderstanding of the FCRA's requirements. Plaintiff's Amended Complaint alleges, with overwhelming factual support, that Clarity willfully violated the Fair Credit Reporting Act ("FCRA") by (1) furnishing the Plaintiff's consumer report to Payday Lenders without a permissible purpose, (2) failing to maintain reasonable procedures to limit the furnishing of credit reports to permissible purposes, and (3) furnishing Plaintiff's consumer reports to Payday Lenders when it had reasonable grounds to know that the consumer report would not be used for a permissible purpose.

## II. ARGUMENT

### A. Plaintiff Has Stated a Claim for Violation of the FCRA's Permissible Purpose Requirements for Furnishing a Consumer Report

Clarity's argument seeking dismissal of Plaintiff's Impermissible Purpose Claim demonstrates a concerted effort to avoid addressing the FCRA's requirements and the allegations of the Amended Complaint. Under the FCRA, a consumer reporting agency may furnish a consumer report…"[t]o a person which it has *reason to believe* (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to…the consumer." 15 U.S.C. § 1681b. To state a claim under section 1681b, the Plaintiff must allege: (1) there was a consumer report, (ii) which "Clarity furnished (iii) without a permissible purpose, and (iv) Clarity acted negligently or willfully. Clarity doesn't take issue for the first two elements, but claims the Plaintiff's Amended Complaint fails to state a claim for the last two elements. The facts alleged in the Amended Complaint are more than sufficient.

In support of her claim that Clarity furnished a credit report to Payday Lenders without a permissible purpose, the Amended Complaint states that Clarity did not have a reason to believe that the Payday Lenders were using the consumer report for a credit transaction involving the Plaintiff. (Amend. Comp. ¶ 18). The Amended Complaint alleges facts that when accepted as true, show that Clarity did not have a reasonable belief. First, the Plaintiff alleged that the Payday Lenders provided Clarity an incorrect date of birth for the Plaintiff. (Amend. Comp. ¶ 14). This is a red flag for fraud, because a

consumer legitimately applying for credit with a lender would provide their correct date of birth. (Amend. Compl. ¶ 18). This red flag provided Clarity with reason to believe that the Plaintiff was not *not* involved in a transaction with the Payday Lenders seeking her consumer report. (Amend. Compl. ¶ 18). As plead by the Plaintiff, Clarity obtains and maintains a massive amount of data on consumers and that data contained the correct date of birth for the Plaintiff. (Amend. Compl. ¶ 16). Clarity knew that the Plaintiff's correct date of birth, but nonetheless provided Plaintiff's consumer report to the Payday Lenders. (Amend. Compl. ¶ 22).

Clarity spends a significant portion of its brief analogizing the instant case to ones involving an identity thief opening accounts in the name of a consumer. But these cases are all distinguishable from the present case. In all the cases cited by Clarity, the identity thief provided the consumer/vicitim's *correct* personal identifiers, including the correct date of birth.

For example, Clarity cites *Kennedy v. Victoria's Secret Stores, Inc.* No. CIV.A. 03-2691, 2004 WL 414808, for the proposition that a credit bureau is not liable for furnishing a consumer report when an imposter applies for credit on behalf of an unknowing victim. The court in *Kennedy* determined that Experian had reason to believe that Victoria's Secret was involved in a credit transaction with a consumer when a store clerk opened a store credit card in the name of the victim. But, there is no discussion or allegation in the *Kennedy* case that Experian was provided with incorrect identifiers for the consumer. There are no facts suggesting that Experian knew, or should have known, that Victoria's Secret was dealing with anyone other than the consumer on whom

Experian furnished a report. If, as alleged in the present case, Experian had been provided with incorrect identifiers (an incorrect date of birth or social security number) the analysis would have been completely different. Experian would not have had a reason to believe Victoria's Secret was entering into a credit transaction with the victim. Clarity's reliance on this case is misplaced.

All the cases that Clarity cites are distinguishable from the present case for the same deficiencies as the *Kennedy* case. In *Glanton v. Directv, LLC,* 172 F. Supp. 3d 890 (D.S.C. 2016), there are no facts or allegations that the identity thief provided anything other than accurate information for the consumer/identify theft victim. Clarity cites a case in which it was a defendant, Aleksic v. Clarity Servs., Inc., No. 1:13-CV-07802, 2015 WL 4139711 (N.D. Ill. July 8, 2015), to support the notion that a CRA isn't liable for furnishing a credit report when an imposter submits fraudulent loan applications because it had reason to believe the lenders were entering a credit transaction with the consumers who's information was provided. But, again, this case is distinguishable. There's no suggestion or allegation in the *Aleksic* case that the imposter provided any incorrect identifiers for the consumers, which would have put Clarity on notice of the fraud. If theses consumers' incorrect dates of birth had been provided to Clarity, the analysis would be different and Clarity would not have reason to believe a permissible purpose existed for furnishing the consumer reports.

There are cases analogous to the present case and support the Plaintiff's position. In *Andrews v. TRA, Inc.* 225 F.3d 1063 (9th Cir. 2000), an Imposter applied for credit to four companies, which subscribed to TRW's credit reports. The Imposter used various

parts of her own identity along with parts of the plaintiff/victim's identity. *Id.,* at 1065. In one application, the "only misinformation was the Imposter's use of the Plaintiff's social security number and date of birth." Despite these inaccuracies, the defendant credit reporting agency, TRW, furnished the plaintiff's credit report to each of the companies. The plaintiff filed suit against TRW alleging violations of the FCRA, including violations of section 1681b for furnishing a consumer report to a company without a permissible purpose. The District Court granted partial summary judgment in favor of the defendant because the Court held that TRW's furnishing of the consumer reports were made for a purpose permissible under § 1681b(a)(3)(A), "because the Plaintiff, even against her will, was 'involved' in the credit transaction initiated by the Imposter. Any other rule, the court said, would place "too heave a burden on credit reporting agencies." On appeal, the Ninth Circuit Court of Appeals reversed the district court and found genuine issues of fact for a jury to determine. The Court stated:

> "It is quintessentially a job for a jury to decide whether identity theft has been common enough for it to be reasonable for a credit reporting agency to disclose credit information merely because a last name matches a social security number on file."
>
> …
>
> "The reasonableness of TRW's responses should also have been assessed by a jury with reference to the information TRW had indicating that the Imposter was not the Plaintiff. TRW argues that people do use nicknames and change addresses. But how many people misspell their first name? ***How many people mistake their date of birth***? No rule of law answers these questions. A jury will have to say how reasonable a belief is that let a social security number trump all evidence of dissimilarity between the Plaintiff and the Imposter.
>
> The district court held that the Plaintiff was involved in the transaction because her number was used. The statutory phrase is "a credit transaction

> involving the consumer." 15 U.S.C. § 1681b(a)(3)(A). "Involve" has two dictionary meanings that are relevant: (1) "to draw in as a participant" or (2) "to oblige to become associated." The district court understood the word in the second sense. We are reluctant to conclude that Congress meant to harness any consumer to any transaction where any crook chose to use his or her number. The first meaning of the statutory term must be preferred here. In that sense the Plaintiff was not involved.
>
> Another consideration for the district court was that a different rule would impose too heavy a cost on TRW. The statute, however, has already made the determination as to what is a bearable cost for a credit reporting agency. The cost is what it takes to have a reasonable belief. In this case that belief needed determination by a jury not a judge.

*Id.* at 1067 – 68 (emphasis added). The Ninth Circuit determined that no rule exists which absolves a credit reporting agency from its statutory imposed to duty to have a reasonable belief that a lender is involved in a credit transaction with a consumer before furnishing that consumer's report. In the present case, similar to *Andrews*, Plaintiff has alleged sufficient facts to show that Clarity did not have reason to believe the Plaintiff was involved in a credit transaction where the Lenders provided an incorrect date of birth for Plaintiff.

An additional similar case is *Rand v. Citibank, N.A.*, No. 14-CV-04772 NC, 2015 WL 510967, at *3-4 (N.D. Cal. Feb. 6, 2015). In *Rand*, the District Court denied a motion to dismiss because the bank knew or should have known that the plaintiff did not initiate the transaction because the identity thief provided the wrong social security number and the plaintiff had been a long-time customer of the bank. *Id* at *3 - 4. Again, as in *Rand*, the Plaintiff in the present case has alleged facts, when accepted as true, state a plausible claim against Clarity for furnishing Plaintiff's consumer report without a permissible purpose.

B.  **Plaintiff Has Stated a Claim for Violations of the FCRA's Reasonable Procedures Standard for Furnishing A Credit Report**

Clarity contends that Plaintiff's claims under 1681e(a) should be dismissed because Plaintiff failed to plausibly allege facts supporting an inference that Clarity furnished her consumer report in violation of section 1681b. As argued above, Plaintiff has stated a plausible claim for a violation 1681b, so her claims under 1681e(a) are viable regardless of whether or not the Court adopts - as Clarity encourages it to do - the reasoning in *Washington v. CSC Credit Servs. Inc.,* 199 F.3d 263 (5the Cir. 2000)(finding consumers need to show that their reports were improperly disclosed under § 1861b in order to maintain their claims under § 1861e).

The Amended Complaint claims that Clarity violated section 1681e(a) by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to permissible purposes under § 1681b and furnishing Plaintiff's consumer report to Payday Lenders despite having reasonable grounds for believing that Plaintiff's consumer report would not be used for a purpose listed in section 1681b. (Amend. Compl. ¶ 21, 22). Plaintiff supports her claims with numerous allegations against Clarity. The Amended Complaint alleges that:

1. Clarity maintains a massive amount of data on consumers, which included Plaintiff's correct date of birth. Clarity knew Plaintiff's correct date of birth. (Amend. Compl. ¶ 16).

2. Clarity furnished Plaintiff's consumer report to Payday Lenders despite the lenders providing Plaintiff's incorrect date of birth (Amend. Compl. ¶ 21,

22, 31). The incorrect date of birth was a red flag that fraud was being committed and that the Plaintiff was not part of the credit transaction. A reasonable procedure would have prevented Clarity from furnishing Plaintiff's report under such circumstances. (Amend. Compl. ¶ 21).

3. Clarity knows that consumers, including the Plaintiff, who are involved in a *legitimate* credit transaction with a lender, would provide their correct date of birth (Amend. Compl. ¶ 18).

4. Clarity requires consumers to provide their correct date of birth when they order their free annual credit report pursuant to §§ 1681g and 1681h. (Amend. Compl. ¶ 19). If a consumer provides an incorrect date of birth, Clarity will not provide the consumer's report. Contrary to Clarity's assertion that the Plaintiff is "confusing different provisions of the FCRA," Plaintiff makes this allegation to emphasize the point that Clarity could maintain a similar procedure to prevent the furnishing of consumer reports to lenders providing a consumer's incorrect date of birth, but Clairty has chosen not to. (Amend. Compl. ¶19).

5. Clarity had reasonable grounds for believing the consumer report requested by the Payday Lenders would not be used for a permissible purpose, because the Plaintiff's date of birth was incorrect (Amend. Compl. ¶ 22).

These allegations in the Amended Complaint are not speculative. The Plaintiff has set forth in her Amended Complaint facts and allegations that when accepted as true state a

claim for relief that is plausible on its face. Clarity's motion to dismiss Plaintiff's claims should be denied.

### C.     Plaintiff Has Stated a Claim for Willful Violations of the FCRA

Clarity asserts that Plaintiff failed to sufficiently allege that Clarity acted willfully when it violated the FCRA. Again, Clarity ignores the Amended Complaint and all the factual assertions contained in it, which make the case for willful violations of sections 1681b and 1681e(a).

In order for a "willful" violation under section 1681n to survive a motion to dismiss, the plaintiff must adequately plead that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive. Reckless conduct is sufficient to establish willfulness under the FCRA and includes actions that involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56-60 (2007). "[A]ssertions that [Defendant] was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." Id. (quoting Singleton v. Domino's Pizza, LLC, Civ. Act. No. DKC 11-1823, 2012 WL 245965, at *4 (D.Md. January 25, 2012)).

The Amended Complaint alleges that Clarity willfully violated both sections 1681b and 1681e(a). (Amend. Compl. ¶ 34). The Amended Complaint alleges that Clarity knew that the Payday Lenders provided inaccurate, identifying information for the Plaintiff, and should have never provided her consumer report to the lenders. (Amend.

Compl. ¶ 32). The Plaintiff alleges that Clarity knew Plaintiff's correct date of birth, but nonetheless provided her consumer report to the Payday Lenders after they provided an incorrect date of birth for the Plaintiff. (Amend. Compl. ¶ 14 - 16). The Amended Complaint alleges that the Clarity provided the Plaintiff's consumer report for impermissible purposes not just once, but twice. (Amend. Compl. ¶ 15). All these factual allegations support the Plaintiff's claim that Clarity willfully violated sections 1681b and 1681e(a). These allegations are not a "threadbare recitation of the elements" for willful noncompliance, as argued by Clarity. Clarity has chosen to simply ignore the allegations in the Amended Complaint. They are plausible, factual allegations from which the Court can draw the reasonable inference that Clarity is liable for willful violations of the FCRA. Clarity's motion to dismiss should be denied.

> **D.     Plaintiff Has Stated a Claim for Invasion of Privacy by Intrusion on Seclusion**

Clarity's argument seeking dismissal of Plaintiff's invasion of privacy claim demonstrates its continued effort to avoid addressing the allegations of the Amended Complaint. Under Minnesota law, "[i]ntrusion upon seclusion occurs when one `intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns... if the intrusion would be highly offensive to a reasonable person.'" *Lake v. Wal-Mart Stores, Inc.,* 582 N.W.2d 231, 233 (Minn.1998) (quoting Restatement (Second) of Torts § 652B (1977)). "The tort has three elements: (a) an intrusion; (b) that is highly offensive; and (c) into some matter in which a person has a legitimate expectation of privacy." *Swarthout v. Mut. Serv. Life Ins. Co.,* 632 N.W.2d

741, 744 (Minn.Ct.App.2001). In addition, in order for a invasion of privacy claim to survive preemption by the FCRA, the Plaintiff is require to adequately plead that the defendant acted with malice or the willful intent to injury the consumer. 15 U.S.C. § 1681h(e).

The Amended Complaint alleges that Clarity disclosed Plaintiff's consumer report with "malice and the willful intent to injure the Plaintiff." (Amend. Compl. ¶ 37). The Amended complaint states that Clarity knew that it was furnishing the Plaintiff's consumer report despite being on notice that the personal identifying information provided by the Payday Lenders seeking her report was incorrect." (Amend. Compl. ¶ 37). The furnishing of the consumer report would be highly offensive to a reasonable person because it contained confidential, financial information. ." (Amend. Compl. ¶ 39). The public has an expectation that its personal and financial information will be private and that any credit reporting agencies maintain such data will do so in compliance with the FCRA. In this case, Clarity willfully intended to injure the Plaintiff by profiting from selling her personal and financial information despite knowing that the Payday Lenders did not have a permissible purpose for obtaining Plaintiff's consumer report." (Amend. Compl. ¶  14 – 18, 21 – 22). Clarity's motion to dismiss Plaintiff's invasion of privacy claim should be denied.

    **E.**    **The Court Should Grant Leave To Amend If It Believes Additional Facts Need To Be Alleged.**

Although Plaintiff believes that she has alleged sufficient facts to plead her claims, to the extent that the Court believes that other or additional facts need to be alleged, Plaintiff respectfully requests that the Court grant leave to file an amended complaint.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court deny Clarity's Motion to Dismiss in its entirety or, if the Court believes that additional or other facts need to be alleged, grant Plaintiff leave to file an amended complaint to cure any deficiencies identified by the Court.

**HEANEY LAW FIRM, LLC**

Date: **September 19, 2017**

*s/ Mark L. Heaney*
Mark L. Heaney
(MN #333219, AZ #022492)
601 Carlson Parkway, Suite 1050
Minnetonka, MN 55305
Tel: (952) 933-9655
Fax: (952) 487-0189
mark@heaneylaw.com

***Attorney for Plaintiff Michelle Kunza***