# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle A. Kunza, | Civ. No. 17-1165 (RHK/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Clarity Services, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Motion will be granted.

**BACKGROUND**

Defendant Clarity Services, Inc. ("Clarity") is a consumer reporting agency (Am. Compl. (Docket No. 18) ¶ 5), meaning it assembles credit information about consumers and furnishes that information, for a fee, to third parties. 15 U.S.C. § 1681a(f). In April 2015, Plaintiff Michelle Kunza received a copy of her credit report from Clarity, which revealed that the report had been disclosed in 2014 to two payday lenders, Flurish, Inc. and RHC/Rolling Hills. (Am. Compl. ¶ 6.) According to Kunza, she never applied for a payday loan or any other form of credit from these companies. (Id. ¶ 7.) This discovery "alarmed and upset" her, and she undertook an investigation to determine why her report had been disclosed. (Id. ¶¶ 8-9.) She learned that an unknown person or entity submitted an online application through a British company, Quintessential Financial Group, for a payday loan using her name, email address, home address, phone number, and social-security number, but incorrectly listing her year of birth. (Id. ¶¶ 10-11.) Quintessential

sold the application to Flurish and RHC/Rolling Hills, which in turn requested Kunza's credit report from Clarity using the incorrect year of birth on the application. (Id. ¶¶ 12-14.) Clarity then furnished the report to the companies. (Id. ¶ 15.)

After learning this information, Kunza commenced the instant action, asserting that Clarity had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and committed invasion of privacy. Clarity now moves to dismiss both claims.

## DISCUSSION

### A. FCRA

The FCRA authorizes a consumer reporting agency such as Clarity to furnish a credit report to a third party only for certain express purposes. 15 U.S.C. § 1681b(a). One permissible purpose is providing a report "to a person [the agency] has reason to believe intends to use the information in connection with a credit transaction involving the consumer." § 1681b(a)(3)(A). Kunza alleges Clarity violated this provision here by disclosing her credit report to Flurish and RHC/Rolling Hills when it should have recognized, based on the incorrect year of birth provided, that neither had a valid basis to request it. In other words, the year of birth was a "red flag" that should have provided Clarity "reason to believe that [Kunza] was not involved in a transaction with the Payday Lenders seeking her consumer report." (Pl's Opp'n Mem. (Docket No. 25) at 3 (emphasis omitted).)

Yet, the "plain language of the statute . . . focuses on the intent of the party obtaining the consumer report." Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (emphasis omitted). Thus, the key question is whether the

payday lenders intended to use Kunza's credit report for a permissible purpose, namely, to decide whether to loan her money. That is precisely what the Amended Complaint alleges: Flurish and RHC/Rolling Hills received an application for credit in Kunza's name, and to evaluate whether to extend that credit, they requested her report from Clarity. It makes no difference that an incorrect birth year was provided, because Clarity had every reason to believe the lenders were evaluating whether to extend credit to Kunza—indeed, there is no other reason the lenders would have requested her credit report. See Shepherd-Salgado v. Tyndall Fed. Credit Union, Civ. No. 11-427, 2011 WL 5401993, at *7 n.12 (S.D. Ala. Nov. 7, 2011) ("§ 1681b(a)(3)(A) turns on the user's intent, not on what the actual true facts may be."). "The only reasonable inference to be drawn from the Amended Complaint [is] that the two lenders sought Plaintiff's consumer report with the legitimate intent to process her credit application in the regular course of their business." (Def.'s Reply Mem. (Docket No. 26) at 2-3.) As a result, the allegations do not plausibly suggest that Clarity lacked "reason to believe" that the lenders intended to use the report for a permissible purpose.

This case is therefore similar to Kennedy v. Victoria's Secret Stores, Inc., No. Civ. A. 03-2691, 2004 WL 414808 (E.D. La. Mar. 3, 2004). In that case, plaintiff Kennedy made a purchase at a Victoria's Secret store and tendered her American Express card for the purchase. Id. at *1. Unbeknownst to her, however, the cashier opened a Victoria's Secret credit-card account in Kennedy's name and charged the purchase to that account. Id. To extend this credit, Victoria's Secret obtained a copy of her credit report from Experian. Id. at *3. Like Kunza, Kennedy alleged that Experian had violated

3

§ 1681b(a)(3)(A) by releasing her credit report without her involvement in the credit application. Id. The court rejected her argument, noting that liability turned only on whether Experian believed Victoria's Secret intended to use the information to decide to extend credit to Kennedy—even though she had not asked for it. Id. The same result follows here.

Kunza focuses on the alleged fact that the loan application contained an incorrect birth year, asserting that this should have alerted Clarity that Kunza was not involved in the transaction. (See Pl.'s Opp'n Mem. at 4-6 (quoting Andrews v. TRW, Inc., 225 F.3d 1063 (9th Cir. 2000), rev'd on other grounds, 534 U.S. 19 (2001)).) As already noted, however, this argument is misplaced, because the key fact is the lenders' intent in seeking her report. But more importantly, even under Kunza's reasoning, Clarity could only have had reason to believe that the purported loan involved her. The fact that the year of birth was incorrect while all of the other information provided was accurate—including Kunza's email address, home address, phone number, and social security number—would not, in and of itself, undermine Clarity's belief that Kunza was involved in the transaction. The FCRA is not a strict liability statute; it does not demand perfection. See, e.g., Hauser v. Equifax, Inc., 602 F.2d 811, 814 (8th Cir. 1979). Carried to its logical conclusion, Kunza's argument would mean that any inaccuracy in a loan application, even a simple one caused by a typographical or transcription error, would preclude an agency such as Clarity from providing a credit report, lest it become liable under the FCRA. While the statute is remedial in nature and designed to be construed broadly, it does not sweep that far. See Shepherd-Salgado, 2011 WL 5401993, at *7

4

n.12; see also Kruckow v. Merchants Bank, Civ. No. 16-2418, 2017 WL 3084391, at *5 (D. Minn. July 19, 2017) (Frank, J.) (noting that a "business does not violate the FCRA when an identity thief causes the business to obtain a credit report").

For these reasons, Kunza's claim under 15 U.S.C. § 1681b fails. As a result, her claim under § 1681e(a), which mandates that consumer-reporting agencies maintain reasonable procedures to ensure reports are furnished only for permissible purposes, also fails. See, e.g., Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 267 (5th Cir. 2000) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b."). So, too, does her assertion that Clarity willfully violated the FCRA in contravention of § 1681n.

**B.  Invasion of privacy**

Kunza also asserts a claim for invasion of privacy under Minnesota law. Clarity argues that this claim is preempted by the FCRA, and the Court agrees.

The FCRA expressly preempts any "action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Kunza attempts to save her invasion-of-privacy claim here by shoehorning it through the narrow window for "false information furnished with malice or willful intent to injure," but her effort is unavailing for two reasons.

5

First, Kunza nowhere alleges that Clarity disclosed "false" information in her credit report. In the absence of any falsity, the claim simply cannot be saved from preemption. Second, even were the Court to assume Clarity disclosed some false information, Kunza has not plausibly alleged it did so with "malice or willful intent to injure" her. Although she invokes these buzzwords in her Amended Complaint (see Am. Compl. ¶ 37), their formulaic recitation does not suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, Kunza must allege facts plausibly suggesting that Clarity acted with malice or willful intent to injure, id. at 556-57, and she has failed to do so. The most she offers is that Clarity knew or should have known that the year of birth provided was incorrect, and hence it should not have disclosed the credit report. (Am. Compl. ¶ 32.) These allegations, however, sound in negligence, not maliciousness, willfulness, or even recklessness. The claim is therefore preempted.

**C.    Amendment**

Finally, Kunza requests leave to amend her Complaint in the event the Court finds her allegations wanting. (Pl's Opp'n Mem. at 12.) But she nowhere specifies what additional facts she might allege to salvage her claims. More importantly, amendment is governed by the Local Rules, which require a plaintiff to file a motion seeking amendment, along with a proposed amended complaint and a redlined version of the earlier complaint. See D. Minn. LR 15.1(b). Kunza has not done so. Leave to amend is properly denied under these circumstances. See, e.g., O'Neil v. Simplicity, Inc., 574 F.3d 501, 505 (8th Cir. 2009) (affirming denial of leave to amend requested in a memorandum in response to a motion to dismiss, stating that "[a] district court does not abuse its

discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Clarity's Motion to Dismiss (Docket No. 20) is **GRANTED**, and Kunza's Amended Complaint (Docket No. 18) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date:  October 16, 2017                             *s/ Paul A. Magnuson*
                                                      Paul A. Magnuson
                                                      United States District Judge